# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| SHAWN BANKS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 2:16-cv-2522 |
| v. | ) | No. 2:09-cr-20491 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant Shawn Banks filed a motion under 28 U.S.C. § 2255 on June 27, 2016. (ECF No. 1.) On September 18, 2018, Banks filed a motion under 28 U.S.C. § 2244 in the Sixth Circuit for an order authorizing this Court to consider a second or successive § 2255 motion. (ECF No. 10.) Noting that Banks' first § 2255 motion was still pending, the Sixth Circuit denied Banks' § 2244 motion and transferred it to this Court for consideration as a motion for leave to amend his pending § 2255 motion. (Id.) On June 10, 2019, the Court granted Banks' motion to amend his § 2255 motion and construed the proposed claims in Banks' § 2244 motion as his amended § 2255 claims. (ECF No. 12.)

Before the Court is Banks' June 10, 2019 amended § 2255 motion. (Sixth Circuit Case No. 18-5977, Doc. 1.) The United

States of America (the "Government") responded on June 17, 2019. (ECF No. 13.) Banks' reply was due on July 1, 2019. (ECF No. 12.; see also Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.) Instead of filing a reply, on July 8, 2019, Banks filed a motion requesting an extension of time to file a reply and a motion seeking the appointment of counsel. (ECF No. 14.)

For the following reasons, Banks' amended § 2255 motion is DENIED. His motion requesting an extension of time and his motion seeking the appointment of counsel are DENIED AS MOOT.

**I. Background**

In 2011, Banks pled guilty to attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1) and aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). (Case No. 2:09-cr-20491, ECF No. 135.) The Court sentenced Banks to 197 months in prison and three years of supervised release. (Id.) Banks did not file an appeal.

Banks filed his amended § 2255 motion on June 10, 2019, the date on which the Court granted Banks' motion to amend and construed the proposed claims in his § 2244 motion as his amended § 2255 claims.

**II. Analysis**

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quotation marks omitted).

Banks challenges the validity of his conviction of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) provides heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute defines "crime of violence" in two subparts. Under § 924(c)(3), a "crime of violence" is "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subpart (A) is known as the elements clause and subpart (B) is known as the residual clause. See United States v. Davis, 139 S. Ct. 2319, 2324 (2019).

Banks contends that his Count 1 conviction of attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A). Banks further contends that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

Contrary to Banks' contention, his attempted Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)'s elements clause. The Sixth Circuit has held that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A). See Camp v. United States, 903 F.3d 594, 597 (6th Cir. 2018). "Although the Sixth Circuit has not directly addressed whether 'attempted' Hobbs Act robbery falls within the § 924(c)'s [elements] clause, given that § 924(c)(3)(A) expressly includes the 'attempted use, or threatened use' of physical force, attempted Hobbs Act robbery qualifies as well." Jones v. Warden, FMC Lexington, No. 5:18-CV-465-CHB, 2019 WL 3046101, at *3 (E.D. Ky. July 11, 2019); see also United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s [elements] clause because that clause expressly includes 'attempted use' of force."). Because Banks' § 924(c) conviction is supported by § 924(c)(3)(A)'s elements clause, the constitutionality of § 924(c)(3)(B)'s residual clause is not germane. Banks' § 2255 motion is DENIED. Banks' request for an extension of time to reply

is untimely. Given the clear state of the law, any reply would be futile and the appointment of counsel would serve no purpose.

**III. Appealability**

The Court must also decide whether to issue a certificate of appealability ("COA") and whether Banks may appeal in forma pauperis.

No § 2255 movant may appeal without a COA. A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

In this case, there can be no question that Banks' claims are meritless for the reasons previously stated. Because any appeal by Banks on the issues raised in his motion does not deserve attention, the Court DENIES a COA.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in

5

a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a), however, also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, a prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

Because Banks is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal <u>in forma pauperis</u> is DENIED.[1]

**IV. Conclusion**

For the foregoing reasons, Banks' amended § 2255 motion is DENIED. His motion requesting an extension of time and his motion requesting the appointment of counsel are DENIED AS MOOT.

---

[1] If Banks files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

So ordered this 17th day of July, 2019.

                                            /s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE